

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. G. Earl Hutchings
County Auditor, Young County
Graham, Texas

Dear Sir:

Opinion No. O-6100
Re: Whether the 10%
commission allowed
by Sec. 5 of Art.
3196a, V.A.C.S., is
accountable as a
fee of office, or
a fee that can be
retained by the
county attorney.

Your letter of July 5, 1944, requesting the opinion of this department on the questions stated therein is as follows:

"Art. 3196a, Sec. 5, of the Revised Statutes, 1925, as amended, provides that the State Board of Control may request the county or district attorney to represent the State in filing a claim in probate court and provides that said county or district attorney shall receive ten percent commission on the amount collected. It also provides that the county or district attorney may refuse to act, in other words, it does not make it mandatory that they shall act in the case.

"Is this ten per cent collected as commissions by the county attorney accountable as fees of office or individual fee?"

Section 5, of Article 3196A, V.A.C.S., provides:

"Upon the written request of the State Board of Control, the county or district attorney or in case of the refusal or inability of both to act, the Attorney General, shall represent the State in filing a claim in probate court or a petition in a court of competent jurisdiction, wherein the guardian of such patient and/or other person legally liable

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

for his support, may be cited to appear then and
there to show cause why the State should not have
judgment against him or them for the amount due
it for the support, maintenance and treatment of
such patient; and, upon sufficient showing, judg-
ment may be entered against such guardian or other
persons for the amount found to be due the State,
which judgment may be enforced as in other cases.
A verified account, sworn to by the superintendent
of the respective hospitals or psychopathic hospi-
tals wherein such patient is being treated or has
been treated, as to the amount due shall be suf-
ficient evidence to authorize the court to render
judgment therein. The county or district attorney
representing the State shall be entitled to a
commission of ten (10%) per cent of the amount col-
lected. All monies so collected, less such commis-
sion, shall be, by the said attorney, paid to the
State Board of Control, which shall receive and
receipt for the same and shall issue the same for
the maintenance and improvement of said institution
or institutions in which said patients shall have
been confined."

The foregoing statute authorizes the State Board of
Control to request the county or district attorney in writing
to represent the State in filing a claim in probate court or
a petition in a court of competent jurisdiction wherein the
guardian of a patient and/or other person is legally liable
for his support. This statute allows the county or district
attorney representing the State a 10% commission of the amount
collected. Generally speaking, a fee or any compensation paid
a public officer for the performances of a duty adjoined by
statute is a fee or compensation collected in an official
capacity. (See the case of Nueces County vs. Carrington, et al,
162 S. W. 2d, 687, and the authorities cited therein.)

Article 3891, V. A. C. S., reads, in part, as follows:

"....The compensations, limitations and maximums
herein fixed in this act for officers shall include
and apply to all officers mentioned herein and each
and every county of this State, and it is hereby de-
clared to be the intention of the Legislature that the
provisions of this Act shall apply to each of said
officers, and any special or general law inconsistent
with the provisions hereof is hereby expressly repealed
insofar as the same may be inconsistent with this Act."

Hon. G. Earl Hutchings, page 3

"The compensation, limitations and maximums
herein fixed shall also apply to all fees and
compensations whatsoever collected by said of-
ficers in their official capacity, whether ac-
countable as fees of office under the present
law, and any law, general or special, to the
contrary, is hereby expressly repealed. The only
kind and character of compensation exempt from
the provisions of this Act shall be rewards re-
ceived by sheriffs for apprehension of criminals
or fugitives from justice and for the recovery
of stolen property and monies received by county
judges and justices of the peace for performing
marriage ceremonies, which sum shall not be ac-
countable for and not required to be reported as
fees of office."

Young County has a population of 19,004 inhabitants,
according to the 1940 Federal Census and we are informed by
the Comptroller's office that the commissioners' court of
Young County has determined that the county officers in such
county shall be compensated for their services by the payment
of an annual salary. Your attention is directed to Sections
3, 4 and 5, of Article 3912e, V.A.C.S., and it will be noted
that Sec. 5, of Art. 3912e, supra, makes it the duty of all
officers to charge and collect in the manner authorized by
law all fees and commissions which are permitted by law to be
assessed and collected for all official services performed by
them. And when such fees are collected, they shall be de-
posited in the officers' salary fund or funds provided in the
act.

The Supreme Court of Texas, in the case of Nichols,
et al, vs. Galveston County, 228, S. W. 547, quoting from the
case of Ward vs. Harrison County, 209 S. W. 793, said:

"We cannot agree with appellants in their
contention that the commissions received by the county
judge for the sale of Harris county drainage district
bonds are not included in the term 'fees of all kinds'
as that term is used in Article 3881, Vernon's Sayles'
Civil Statutes, fixing the maximum compensation allowed
county officers. On the contrary, we think the decisions
of our Supreme Court and Courts of Civil Appeals settle
this question adversely to appellants' contention. The
general purpose of the maximum fee bill was to limit the
compensation received by the officers named therein

for the performance of their official duties,
and the term 'fees of all kinds' as used in
that act, has been expressly held to include
commissions allowed by law for the performance
of official duty, the commission so allowed
not being excepted from the maximum fee bill
by any provisions of the statute." (Also see
the case of Taylor, et al, vs. Brewster County,
144 S. W. 314.)

In view of the foregoing authorities, you are
respectfully advised that it is the opinion of this
department that the 10% collected as commission by the
county attorney under Sec. 5, of Art. 3168A is accounta-
ble as a fee of office and must be paid into the officers'
salary fund. Stated differently, the county attorney is
not legally authorized to personally retain this commission.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:rt



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN